## PEASLEE *v.* DOANE.

A trustee who discloses that, at the time of the service of the trustee process upon him, the defendant owed him a debt secured by the pledge of a note given for a sum larger than his debt, and that he has since sold the note for the amount of his debt, will be charged for the difference between his debt and the amount of the note, unless he shows that the sale was made in good faith and for a fair price.

FOREIGN ATTACHMENT. The following facts appeared by the disclosure of the trustee: August 6, 1857, the defendant owed the trustee $840.16, and transferred to him, as collateral security, a promissory note, signed by one Dexter, for $1000, dated July 3, 1857, payable to his own order in three months, and endorsed by Dexter and the defendant, and at the same time the defendant assigned to the trustee, as security for the payment of said note for $1000, an agreement or bond from the city of Boston to Dexter to convey to him a certain lot of land in Boston,

upon the payment of $475 by him to said city, which agreement or bond had been previously assigned by Dexter to the defendant, to secure the payment of said note for $1000, and another note for $1,400. The defendant assigned to the trustee all his right and interest in said agreement. The trustee at the same time gave to the defendant a writing, agreeing that he would re-transfer to him said agreement or bond, and said note for $1000, provided the defendant paid him said debt of $840.16, and interest, within sixty days. The trustee, within a day or two of said assignment, called upon the city officers of Boston and offered to pay them said sum of $475, and requested a conveyance of said land to him, according to the terms of said agreement; but they refused to give him a deed of said land, alleging as a reason that said assignment from Dexter to the defendant was defective, and informed him that they would not give him a deed without the consent of Dexter.

The trustee retained in his hands said note for $1000, till maturity, and then had it protested for non-payment. December 11, 1857, and after the service of the writ on the trustee, he, in consideration of $875, being the amount of his debt and interest and expenses against the defendant, paid to him by one Hubbell, assigned said bond or agreement of said city of Boston, and delivered said note to Hubbell, and Hubbell at the same time gave to the trustee a bond to indemnify him against his liability as trustee in this suit, and Hubbell, December 17, 1857, by a writing under his hand and seal, directed said city of Boston to convey said premises to said Dexter.

*Stickney*, for the plaintiff.

*Marston*, for the trustee.

Doe, J. The plaintiff seeks to charge the trustee for the difference between the amount of the trustee's claim

against the defendant, and the amount of the note pledged
by the defendant to the trustee to secure that claim.   The
trustee contends that the pledged note had been sold by
him before disclosure, so that he is not chargeable under
section 16, chapter 208, Revised Statutes.   But the sale
should have been in good faith, and for the highest price
that could be obtained by reasonable effort.   Any other
sale must be considered in fraud of the plaintiff.   The
disclosure does not show that the transfer to Hubbell was
such a sale as a pledgee is authorized to make.   If the
trustee had sold the pledged note for its full value, and for
more than the amount of his claim, he would be chargea-
ble for the surplus.   But upon the disclosure it must be
taken that he has converted the note to his own use in
such a manner as to make himself accountable for the
value of it.   That value is not shown by the disclosure,
but the amount due on the note should be considered as
its value, unless the trustee shows it to be less.

*Trustee charged.*